PURVIANCE, ADMINISTRATOR, *v.* SHULTZ.

[No. 2,001. Filed September 29, 1896.]

CONTRACTS.—*Claim Against Decedent's Estate for Work and Labor.* —The failure of testator to make a bequest in favor of one who rendered services to him upon a promise that such services should be paid for by such bequest, renders his estate liable for the value of such services.

SAME.—*Infant.*—An infant is competent to make an express contract for the establishment of the family relations between himself and one not related to him by blood or marriage, and thereby prevent his recovery for services rendered in the family.

INSTRUCTIONS.—It is error to instruct the jury, in an action to recover from an estate for work and labor performed for decedent, that if decedent kept the plaintiff, who was a minor and not related by blood or marriage, at her home until her death, and received her work and labor, and furnished her with food, raiment and shelter, the family relationship is not presumed to exist between them, as there is no presumption of law, and the court should never instruct that a presumption which is purely one of fact exists or does not exist.

From the Huntington Circuit Court. *Reversed.*

*J. Q. Cline, J. B. Kenner* and *W. S. Lesh,* for appellant.

*H. B. Sayler, S. M. Sayler* and *J. M. Sayler,* for appellants.

LOTZ, J.—The appellee brought this action against appellant as the administrator of the estate of Elmina

E. Purviance, deceased, to recover for work and labor alleged to have been performed for the decedent. There was a trial by jury, which resulted in a verdict and judgment in favor of the appellee in the sum of $309.00.

The only error assigned in this court is the overruling of the motion for a new trial.

In 1883 John W. Purviance, the husband of appellant's decedent, lived upon a farm in Huntington county, he and the decedent constituting the household. They were childless. The appellee was then about twelve years of age, and she was taken into this home and lived with them until the year of 1887, when John W. Purviance died. After his death the appellee continued to live with Elmina E. Purviance until her death in 1894. The appellee was not related to the deceased by blood. This action was brought to recover for services rendered from 1887 to 1894, and after the death of John W. Purviance.

There was some evidence which tended to show that the decedent intended to pay or compensate the appellee for the services rendered her by making provision for appellee in her will. The court gave this instruction to the jury: "4. An intention to pay for work and labor by one receiving the benefit of such work and labor, may be shown by agreement to pay for such work and labor, by bequest in will by such person so receiving the benefit of such work and labor, and when such an agreement is shown, failure to make such bequest by the person agreeing to do so makes his estate liable for the value of such work and labor, and a claim therefor against his estate is good and may be recovered."

The appellant insists that this instruction is erroneous. But we find no substantial objection to it. It seems to come within the rule declared in *Caviness* v.

*Rushton*, 101 Ind. 500; *Wallace, Admr.,* v. *Long, Gdn.,* 105 Ind. 522.

The appellant also insists that instruction No. 5, given by the court at the request of the appellee, is erroneous and had a tendency to mislead the jury. The instruction is as follows: "The family relation between persons not related to each other in any manner by blood or marriage, can only exist on an agreement between such persons express or implied, that they will live together in the family relation as members of the family. An infant under the age of twenty-one years cannot make such an express agreement, and such agreement by an infant under the age of twenty-one years cannot be inferred where such an infant is not in any way related by blood or marriage to the person with whom such infant lives. Therefore, if you believe from a fair preponderance of all the evidence in this case that the said Elmina E. Purviance, deceased, kept the plaintiff living with her at her home until her death and received her work and labor and furnished the plaintiff with food, raiment and shelter, and that said Elmina E. Purviance, deceased, and the plaintiff were not in any manner related to each other by blood or marriage, then the family relationship is not presumed to exist between them; but it is for you to say, from all the evidence in the case, whether the plaintiff and said Elmina E. Purviance, deceased, lived together in the family relation—as members of the same family."

The jury, in an answer to an interrogatory, found that the family relation did not exist between appellee and the decedent during the time the services were being performed.

It is evident that whether or not the family relation existed between the appellee and the decedent at the time the services were rendered was important, for

the relation in which they stood to each other bore directly on the question of liability.

It is not the law that an infant cannot make an express or special contract. Many special contracts are binding upon him, and he may enforce them or they may be enforced against him. It is true, that he. may renounce his contract for services and recover the value thereof regardless of the contract. But even as to such contracts, the fact that he may renounce them does not deprive him of the power of making or enforcing them. Until he chooses to renounce, they are valid. The instruction above does not relate to a contract for services. It relates to a contract for the establishing of the family relation. The jury is told that a minor cannot make an express contract for entering into the family relation.

From the earliest dawn of history the family seems to have been the unit of society; and it is now the most important factor in the fabric of our civilization. *Rountree, Admx.,* v. *Pursell,* 11 Ind. App. 522, 534. The home lies at the basis of our social and civil institutions. This court, on another occasion, by Crumpacker, J., said: "The law recognizes the home as the most potent refining and humanizing agency known to our civilization, and its policy is to encourage the extension of its hospitalities to those who by the hand of misfortune may have been deprived of its protection and beneficent influences." *James, Admr.,* v. *Gillen,* 3 Ind. App. 472.

It is the policy of the law to secure homes for the homeless, and it fosters and encourages all contracts, no matter by whom made, which tend to accomplish this end. An infant may make a contract of marriage which results in establishing the family relation, and it is valid. The family relation is not merely a con-

tract. It is more than a contract. It is a status. When the status is once established it cannot be destroyed simply by repudiating the contract that brought it into existence. To say that a homeless infant cannot secure the benefits of a home with its refining and elevating influences by his express contract is to overthrow the policy of our law.

Again, the instruction under consideration is bad because it says to the jury that from the facts enumerated the family relation is not presumed to exist. When the court undertakes to say to the jury that a certain presumption arises or does not arise from given facts, such presumption must be one of law. Whilst it is true that all presumptions are, strictly speaking, presumptions of fact, yet there are certain presumptions to which the law has affixed degrees of certainty. *Barr, Admr.,* v. *Chicago, etc., R. R. Co.,* 10 Ind. App. 433. There is no rule of law creating a presumption or declaring that no presumption exists from the facts enumerated. The court should have permitted the jury to draw its own inferences from the facts stated, untrammeled by the motions of the court. We think the instruction was erroneous and misleading.

Judgment reversed, with instructions to sustain the motion for a new trial.